UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| Marvin Barley<br><br>　　　Plaintiff,<br><br>v.<br><br>Hunter Warfield, Inc.<br><br>　　　Defendant. | Case No. 3:16-cv-00067<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Marvin Barley, ("Marvin"), is a natural person who resided in El Paso, Texas, at all times relevant to this action.

2. Defendant, Hunter Warfield, Inc., ("HW"), is a Maryland Corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. Before HW began contacting Marvin, it and Marvin had no prior business relationship and Marvin had never provided express consent to HW to be contacted on his cellular telephone.

6. HW regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of HW's revenue is debt collection.

8. HW is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, HW contacted Marvin to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Marvin is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Within the past twelve months, and before, HW has been calling Marvin on his cellular telephone in connection with the collection of a debt.

13. Shortly after the phone calls began, Marvin advised HW the debt had been satisfied and communicated his desire that HW cease calling him.

14. Despite this communication, HW continued to call Marvin on Marvin's cellular telephone in connection with the collection of the debt.

15. Within the past twelve months, HW began calling Marvin on his direct line at work in connection with the collection of the debt.

16. Shortly after the phone calls began, Marvin advised HW that he was not permitted to take personal calls while at work.

17. In addition, Marvin communicated his desire that HW cease calling him at work.

18. Despite this communication, HW continued to call Marvin at his place of employment.

19. Thereafter, HW called Marvin's place of employment and spoke with Marvin's boss, ("Boss").

20. On another occasion, HW called Marvin's place of employment and spoke with a co-worker, ("Co-worker").

21. During both of these communications, HW disclosed to Boss and Co-worker that Marvin owed a debt.

22. At the time of these communications, HW already had Marvin's location information.

23. Marvin was admonished at work for receiving calls from a debt collector by Boss, which caused extreme embarrassment for Marvin.

24. HW caused Marvin emotional distress.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

25. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 24 above as if fully set forth herein.

26. Defendant violated 15 U.S.C. § 1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

27. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 24 above as if fully set forth herein.

28. Defendant violated 15 U.S.C. § 1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

29. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 24 above as if fully set forth herein.

30. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

31. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 24 above as if fully set forth herein.

32. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

33. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 24 above as if fully set forth herein.

34. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

**Violation of the Telephone Consumer Protection Act**

35. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 24 above as if fully set forth herein.

36. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

37. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > * * *
> > >
> > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

38. Defendant used a predictive dialer system to call Plaintiff on his cellular phone.

39. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *see also In the Matter of*

*Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

40. A predictive dialer system is an automated telephone dialing system ("ATDS") within the meaning of the TCPA. *Sterk v. Path, Inc.*, 46 F. Supp. 3d 813, 818-19 (N.D. Ill. 2014); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

41. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶¶ 72-73.

42. Plaintiff was the "called party" in each telephone call Defendant placed to a Plaintiff's cellular telephone.

43. The "called party" may revoke and prior consent to be called on their cellular phone in any reasonable manner. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order, adopted June 18, 2015, ¶ 55-70; Brown v. Credit Mgmt., LP, 2015 U.S. Dist. Lexis 123353, *27 (N.D. Ga. May 18, 2015)

44. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

45. The TCPA provides, in part:

    > If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

    47 U.S.C. § 227(b)(3).

46. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

47. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015) *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013).

48. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

49. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

50. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to

call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

## JURY DEMAND

51. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

52. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b.  An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c.  Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

Date: March 1, 2016

By:   /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL 60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com
Ohio Bar No. 0079315
One of Plaintiff's Attorneys